IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT N. JOHNSON,<br><br>        Plaintiff,<br><br>    v.<br><br>EUGENE A. MILLBURN, Individually and as Trustee on behalf of the 2006 Millburn-Keith Family Revocable Living Trust dated August 28, 2006; JANICE A. KEITH, Individually and as Trustee on behalf of the 2006 Millburn-Keith Family Revocable Living Trust dated August 28, 2006,<br><br>        Defendants.<br>_____ | 2:11-cv-01298-GEB-EFB<br><br><u>ORDER RE: SETTLEMENT AND DISPOSITION</u> |

        Plaintiff filed a "Notice of Settlement" on September 1, 2011, in which he states, "the parties have settled this action[, and d]ispositional documents will be filed within (30) calendar days." (ECF No. 8.)

        Therefore, a dispositional document shall be filed no later than October 3, 2011. Failure to respond by this deadline may be construed as consent to dismissal of this action without prejudice, and a dismissal order could be filed. <u>See</u> E.D. Cal. R. 160(b) ("A failure to file dispositional papers on the date prescribed by the Court may be grounds for sanctions.").

1

1     Further, the Status Conference scheduled for hearing on
2 September 19, 2011, is continued to October 17, 2011, commencing at 9:00
3 a.m., in the event no dispositional document is filed, or if this action
4 is not otherwise dismissed.[1] A joint status report shall be filed
5 fourteen (14) days prior to the Status Conference.
6     IT IS SO ORDERED.

Dated:  September 2, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge

---

[1] The Status Conference will remain on calendar, because the mere representation that a case has been settled does not justify vacating a scheduling proceeding. Cf. Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987) (indicating that a representation that claims have been settled does not necessarily establish the existence of a binding settlement agreement).

2